UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BLACK CREEK INTEGRATED SYSTEMS CORP.,
 an Alabama Corporation,

                                    Plaintiff,                    **DECISION**
                                                                   **and**
                        v.                                        **ORDER**

FINNEGAN'S WAREHOUSE CORP.,
 a New York Corporation,                                         **05-CV-124A(F)**

                                    Defendant.

_____

APPEARANCES:          GETMAN & BIRYLA, LLP
                      Attorneys for Plaintiff
                      Richard J. Biryla, of Counsel
                      800 Rand Building
                      14 Lafayette Square
                      Buffalo, New York 14203

                      DOMBROFF & GILMORE, P.C.
                      Attorneys for Defendant
                      SARAH LOUISE FIFIELD, of Counsel
                      40 Broad Street
                      Suite 2000
                      New York, New York 10004


## <u>JURISDICTION</u>

        This case was referred to the undersigned by Honorable Richard J. Arcara on

March 8, 2005.  The matter is presently before the court on Defendant's motions, filed

March 2, 2005, to vacate a default judgment (Doc. No. 3), and to dismiss for improper

venue or, alternatively, to change venue (Doc. No. 4), and on Plaintiff's motion, filed

March 9, 2005, for remand (Doc. No. 6).[1]

_____

        [1] The undersigned considers a matter of remand as not dispositive as it resolves only the question
of whether there is a proper basis for federal jurisdiction to support removal and does not reach a
determination of either the merits of a plaintiff's claims or defendant's defenses or counterclaims.
Following the decision on remand, the parties may prosecute such claims or defenses, including related

## BACKGROUND and FACTS[2]

Plaintiff Black Creek Integrated Systems Corp. ("Plaintiff"), is an

Alabama Corporation with its principal place of business located at 2130 A.E. Moore

Drive, Moody, Alabama.  Defendant Finnegan's Warehouse Corp. ("Defendant"), is a

New York corporation with its principal place of business located at 34 Jeanne Drive,

Newburgh, New York.  On August 19, 2003, the parties entered into a Warehouse

Agreement ("the Agreement"), whereby Defendant was to store in Defendant's

warehouse Plaintiff's personal property, specifically, a walk-through metal detector and

a package X-ray system, in exchange for Plaintiff's monetary payment.  Plaintiff

contracted with Mayflower Transit LLC ("Mayflower") which shipped Plaintiff's property

through interstate commerce from Cypress, California to Newburgh New York where,

on August 19, 2003, the property was received by Defendant and placed in Defendant's

warehouse ("Defendant's warehouse").  During the month of June 2004,[3] Plaintiff's

personal property was erroneously shipped to Mexico, without Plaintiff's consent or

knowledge by way of a common carrier, *i.e.*, Pro-Services Forwarding Co. ("Pro-

---

dispositive motions, if any, in whichever court the decision may direct the action to proceed.  *Holt v. Tonawanda Coke Corp.*, 802 F.Supp. 866 (W.D.N.Y. 1991); *Acme Electric Corp. v. Sigma Instruments. Inc.*, 121 F.R.D. 26 (W.D.N.Y. 1988).  Should, however, the District Judge disagree, *see, e.g., In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998) (holding motion to remand action to state court was dispositive as such motion conclusively determines whether a federal forum is available to address the dispute), then the undersigned's finding regarding the motion to remand should be treated as a recommendation.  Furthermore, although Defendant's motions to vacate the default judgment (Doc. No. 3), and to dismiss (Doc. No. 4) are dispositive, while Defendant's motion to change venue (Doc. No. 4), and Plaintiff's motion to remand (Doc. No. 6) are nondispositive, as the issues in all the motions pending before the court are intertwined, the court addresses all motions together in the interests of clarity and judicial economy.

[2] The fact statement is taken from the pleadings and motion papers filed in this action.

[3] The precise date is not provided.

2

Services"), pursuant to a contract with Defendant.  When Defendant was informed of the error, Defendant refused to pay Pro-Services the freight costs so as to secure the return of Plaintiff's personal property.  Plaintiff's personal property was not returned to Defendant's warehouse until October 4, 2004.  Plaintiff alleges that while its personal property was in Defendant's control, including the time the property was in transit to and from Mexico, the property was damaged beyond repair and has been deemed worthless by the manufacturer.  Plaintiff's property remains, in its damaged condition, in Defendant's warehouse.

On January 19, 2005, Plaintiff commenced this action in New York Supreme Court, Erie County, alleging causes of action based on breach of contract, conversion and gross negligence, and seeking monetary damages incurred as a result of the damage to its personal property.  Defendant was served with service of process on January 27, 2005.  On February 16, 2005, Defendant's counsel requested from Plaintiff's counsel an extension of time to answer or otherwise plead, but no response was ever received.

On February 18, 2005, a default judgment ("the default judgment") was entered against Defendant in New York State Court, Erie County.  Defendant received notice of the default judgment through general mail on February 24, 2005.[4]

On February 24, 2005, Defendant filed a Petition for Removal Pursuant to 28 U.S.C. § 1441 (Doc. No. 1) ("Removal Petition"), thereby removing the action to this

---

[4] The parties do not discuss whether entry of a default judgment in state court bars removal of an action.  The court, however, does not reach the issue as the court is otherwise without jurisdiction over the instant action.

3

court pursuant to 28 U.S.C. § 1441, asserting the case presents a federal question raised by the Carmack Amendment to the Interstate Commerce Act, 28 U.S.C. § 13101 *et seq.*, which authorizes causes of actions in a district court based on violations of the statute.[5]

On March 2, 2005, Defendant moved pursuant to Fed. R. Civ. P. 55(c) and 60(B)(6) to vacate the default judgment (Doc. No. 3) ("Motion to Vacate Default Judgment").  That same day, Defendant also moved to dismiss the Complaint for improper venue or, alternative, for a change of venue from the Western District of New York to the Southern District of New York (Doc. No. 4) ("Motion to Dismiss").  On March 9, 2005, Plaintiff moved to remand the action to New York Supreme Court, Erie County, and also seeks an award of costs, including attorney fees, incurred in connection with the remand motion.  Attached to the remand motion is the Affirmation of Richard J. Biryla, Esq. in Support of Motion to Remand ("Biryla Remand Motion Affirmation").

On April 11, 2005, Plaintiff filed the Affirmation of Richard J. Biryla, Esq., in Opposition to Defendant's Motion to Dismiss or to Transfer Venue (Doc. No. 9) ("Biryla Opposition Affirmation").  On April 15, 2005, Defendant filed Defendant's Response to Motion to Remand (Doc. No. 11) ("Defendant's Remand Response").  On April 20, 2005, Plaintiff filed in further support of remand Plaintiff's Reply to Defendant's Response to Motion to Remand (Doc. No. 12) ("Plaintiff's Reply").  On April 22, 2005, Defendant filed Defendant Finnegan's Warehouse Corp.'s Reply in Support of Motion to Dismiss Pursuant to 28 U.S.C. §§ 1391, 1406(A) and Fed. R. Civ. 12(b)(3), or, in the

---

[5] Plaintiff does not challenge Defendant's removal of the action as untimely.

Alternative, to Transfer Venue Pursuant to 28 U.S.C. § 1404(A) or § 1406(A) (Doc. No. 14) ("Defendants' Reply").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's motion to remand (Doc. No. 6) is GRANTED. Accordingly, the remaining motions, including Defendant's motions to vacate a default judgment (Doc. No. 3), and to dismiss for improper venue or, alternatively, to change venue (Doc. No. 4), are DISMISSED as moot, without prejudice to renewal in state court under applicable New York law.

## DISCUSSION

**1.     Motion to Remand**

Defendant removed this action from New York Supreme Court, Erie County, pursuant to 28 U.S.C. § 1441(b), asserting federal question jurisdiction under 28 U.S.C. § 1331 based on the Carmack Amendment ("the Carmack Amendment" or "the Amendment") to the Interstate Commerce Act, 49 U.S.C. § 13101 *et seq*. ("the Act"). Removal Petition ¶¶ 6-7.[6]  According to Defendant, because Plaintiff alleges damages to property that occurred when Plaintiff's property was shipped from Cypress, California, to Newburgh, New York, the action arises under the Act and is within the

---

[6] Defendant actually asserts, erroneously, that Plaintiff has pleaded a cause of action pursuant to the Carmack Amendment to the I.C.C. Termination Act of 1995.  Removal Petition ¶ 6.  With the enactment of the I.C.C. Termination Act of 1995, Pub. L. No. 104-88, 109 Stat. 803 (1995), effective as of January 1, 1996, the Interstate Commerce Act was reorganized by eliminating some provisions, abolishing the Interstate Transportation Commission ("the ICC") and replacing it with the Surface Transportation Board ("the STB").  *Project Hope v. M/V IBN SINA*, 250 F.3d 67, 73 n. 4 (2d Cir. 2001).  The Carmack Amendment, formerly codified at 49 U.S.C. § 11707, was recodified at 49 U.S.C. § 14706, without any substantive change.  *Id*.

subject matter jurisdiction of this court.  Removal Petition ¶¶ 5-7.[7]  Defendant further

maintains that the amount in controversy exceeds the jurisdictional threshold of $

10,000 as required for original jurisdiction over a civil action arising under an act of

Congress regulating commerce.  28 U.S.C. § 1337(a).  Removal Petition ¶ 8

　　　The Carmack Amendment to the Act imposes liability on motor carriers and

freight forwarders for loss or injury to property cased by the carrier while transporting

the property.  49 U.S.C. § 13102(3) and (8), and § 14706 (a). Defendant maintains that

the Complaint alleges a cause of action pursuant to 49 U.S.C. § 14706(d), for which

subject matter jurisdiction exists in a United States district court.  Removal Petition ¶ 7.

　　　Plaintiff argues in support of remand that all damage to its property allegedly

occurred after the property was placed in Defendant's warehouse, following the original

delivery from Cypress, California to Newburgh, New York, and that Plaintiff never

authorized, requested or consented to Defendant's removal of Plaintiff's property from

the warehouse; rather, Defendant improperly and negligently caused Plaintiff's property

to be shipped to Mexico.  Biryla Remand Motion Affirmation ¶ 3.  Plaintiff argues that as

such, the instant action is not an action for damage to property allegedly occurring

during an interstate shipment from Cypress, California to Newburgh, New York but,

rather, arises from Defendant's wrongful actions in improperly removing Plaintiff's

property from Defendant's warehouse and shipping said property to Mexico.  Biryla

Remand Motion Affirmation ¶¶ 5-6.  Plaintiff also maintains that Defendant is not a

---

[7] Defendant references 49 U.S.C. § 13501(a) as the statutory source of jurisdiction in district court; however, 49 U.S.C. § 13501(a) vests the Surface Transportation Board with general jurisdiction to regulate interstate and extraterritorial transportation by motor carrier.  Jurisdiction in District Court over a civil action arising under the Act is provided for by 49 U.S.C. § 14706(d).

"carrier" as defined under the Carmack Amendment. *Id.* ¶ 9 (referencing 49 U.S.C. §§ 13102(12) and 14706(a)). Plaintiff further explains that while Plaintiff contracted with Mayflower to transport Plaintiff's property from California to New York, as Defendant's erroneous shipment of the property to Mexico was pursuant to a contract between Defendant and Pro-Services, and although the actual damage to the property occurred while in transit with Pro-Services, there is no privity of contract between Plaintiff and Pro-Services supporting a cause of action pursuant to the Act by Plaintiff against Pro-Services. *Id.* ¶ 10. Finally, Plaintiff concedes that the Carmack Amendment's definition of "transportation" encompasses the provision of services incidental to the movement of property, such as storage, but maintains the intent of the Amendment's broad definition of "transportation" is to prevent a carrier from avoiding liability under the Amendment where the defendant motor carrier also provides warehousing services and the property is damaged while temporarily stored at the warehouse. *Id.* ¶ 12 (citing 49 U.S.C. § 13102(21)(b) and *PNH Corp. v. Hullquist Corp.*, 843 F.2d 586, 590-91 (1st Cir. 1988)). Thus, as Defendant was not acting as a motor carrier in relation to Plaintiff's property, Defendant's conduct at issue is not within the definition of "transportation" as that term is used in the Act. *Id.* ¶¶ 11-14.

Defendant argues in opposition to remand that by placing Plaintiff's property in transit by use of Pro-Services, a common carrier, Defendant provided "transportation" within the meaning of the Carmack Amendment, and that Plaintiff has ignored the fact that the Amendment also applies to "freight forwarders" which, as defined, includes Defendant. Defendant's Remand Response ¶¶ 2-4. Plaintiff argues that the mere fact that Defendant mistakenly placed Plaintiff's property in transit is insufficient to establish

Defendant provided "transportation" so as to be considered a "carrier" under the Carmack Amendment, Plaintiff's Reply ¶¶ 5-7, and further disputes that Defendant acted as a "freight forwarder" defined under the Carmack Amendment.  Plaintiff's Reply ¶¶ 8-11.

Federal courts are courts of limited jurisdiction, U.S. Const. art. III, and only actions over which "the district courts of the United States have original jurisdiction" may be removed from a state court to federal court.  28 U.S.C. § 1441(a).  Further, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  As such, a state court proceeding may be removed to federal district court "without regard to the citizenship or residence of the parties" provided the state court proceeding is "a civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States . . .."  28 U.S.C. § 1441(b).

Once an action is removed, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c).  Upon remanding a removed action to state court, the court is permitted to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal under section 1446(a)."  28 U.S.C. § 1447(c).

Because federal courts are courts of limited jurisdiction, and as removal of a case raises issues of federalism, removal statutes are narrowly construed and doubts are resolved against removal.  *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043,

8

1045-46 (2d Cir. 1991).  The removal statute is construed according to federal law. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941); *Somlyo*, *supra*, at 1047.

A plaintiff cannot avoid federal jurisdiction through artful pleading.  *Sullivan v. American Airlines, Inc.*, 424 F.3d 267, 271 (2d Cir. 2005) ("The artful-pleading doctrine, a corollary to the well-pleaded-complaint rule, rests on the principle that a plaintiff may not defeat federal subject-matter jurisdiction by "artfully pleading" his complaint as if it arises under state law where the plaintiff's suit is, in essence, based on federal law.").  Nevertheless, the burden is on the party who removes an action filed in state court to establish that the district court has jurisdiction over the action. *United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)("Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper . . ..").  Furthermore, the court is permitted to look behind the pleadings to determine whether jurisdiction exists.  *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir. 1999) ("where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits") (citing *Filetech S.A. v. France Telecom S.A.*,157 F.3d 922, 932 (2d Cir. 1998) (holding district court erred in looking only to the pleadings and accepting the complaint's allegations as a basis for finding subject matter jurisdiction as the district court "should have looked outside the pleadings to the submissions, which both contradicted and supported the bare allegations of jurisdiction pleaded in the complaint.")).  *See also Antares Aircraft, L.P. v. Federal Republic of*

9

*Nigeria*, 948 F.2d 90, 96 (2d Cir. 1991) (in considering a challenge to the District Court's

subject matter jurisdiction, "the court may resolve disputed jurisdictional fact issues by

reference to evidence outside the pleadings, such as affidavits.").

In the instant case, Defendant maintains that the Complaint necessarily pleads a

cause of action pursuant to the Carmack Amendment to the Act.

> The Carmack Amendment was enacted in 1906 as an amendment to the
> Interstate Commerce Act of 1887.  In enacting it, Congress intended to provide
> interstate carriers with reasonable certainty and uniformity in assessing their
> risks and predicting their potential liability . . . . by establishing a single uniform
> regime for recovery by shippers directly from the interstate commerce carrier in
> whose care their items are damaged, and by preempting the shipper's state and
> common law claims against a carrier for loss or damage to goods during
> shipment.
>
> To make a *prima facie* case under the Carmack Amendment, a plaintiff must
> show 1) delivery to the carrier in good condition; 2) arrival in damaged condition;
> and 3) the amount of damages caused by the loss.  Once the *prima facie* case is
> established, liability attaches unless the carrier can establish one of several
> affirmative defenses; for example, by showing that the damage was the fault of
> the shipper or caused by an Act of God.

*Project Hope*, *supra*, at 73-74 n. 6 (internal quotations, citations and brackets omitted).

As noted, Defendant first asserts that Plaintiff has necessarily asserted a claim

under the Carmack Amendment because the warehousing services provided by

Defendant constitute "transportation" as defined by 49 U.S.C. § 13102(23)(B) (defining

transportation as including "services related to [the movement of passengers or

property], including . . . storage . . .").  Defendant's Remand Response § 2.  In support

of this argument, Defendant points to a warehouse receipt Defendant issued upon

accepting, from Mayflower, Plaintiff's property for temporary storage, which noted the

property was eventually to be delivered to Plaintiff's consignee upon Plaintiff's

instructions according to the bill of lading.  Defendant's Remand Response ¶ 3

(referencing Defendant's Warehouse Receipt ("warehouse receipt"), Exhibit B to Defendant's Remand Response).

Plaintiff argues in support of remand that "storage only constitutes transportation within the meaning of the Carmack Amendment where an entity otherwise designated as a 'carrier' performs storage services that are incidental to the interstate transportation of goods."  Plaintiff's Reply ¶ 5 (citing Biryla Remand Motion Affirmation ¶¶ 11-14).  According to Plaintiff, that Defendant was to temporarily store Plaintiff's property in its warehouse, subject to Plaintiff's designation of its purchaser as consignee, is insufficient to render Defendant a "carrier" within the Amendment's definition as Plaintiff never contracted with Defendant either as a carrier, Plaintiff's Reply ¶ 6, or to provide any transportation services for delivery of the property from Defendant's warehouse to its final destination.  *Id*. ¶ 11.  Furthermore, Plaintiff's property was transported from California and delivered for storage at Defendant's warehouse pursuant to Plaintiff's contract with Mayflower.  *Id*. ¶ 3.

The Carmack Amendment defines the term "carrier" as "a motor carrier, a water carrier, and a freight forwarder."  49 U.S.C. § 13102(3).  Significantly, the Carmack Amendment provides only for liability of *carriers* and *freight forwarders* for loss or damage to property that occurs during "transportation," 49 U.S.C. § 14706, which is defined as including

> (A) a motor vehicle, vessel, warehouse, wharf, pier, dock, yard, property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, regardless of ownership or an agreement concerning use; and
> (B) services related to that movement, including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property.

11

49 U.S.C. § 13102(23).

In the instant case, it is undisputed that Defendant is a warehouse that stored Plaintiff's property while the property was in transit from Cypress, California, to its final destination.  Defendant, however, cannot be held liable under the Act as a "carrier" insofar as the term "carrier" is defined under the Act as either a "motor carrier" or a "water carrier," and the parties do not argue otherwise.  *See PNH Corporation v. Hullquist Corporation*, 843 F.2d 586, 590-91 (1st Cir. 1988) (acknowledging that warehousing services may constitute "transportation" as defined under the Carmack Amendment if the services are performed by a motor carrier, but that warehousing services alone are insufficient to characterize defendant warehouse as a "carrier").  Defendant nevertheless contends that Plaintiff has alleged a claim under the Carmack Amendment insofar as Defendant meets the Amendment's defining criteria for a "freight forwarder."  Defendant's Remand Response ¶¶ 4-7.  This argument is without merit.

As defined by the Carmack Amendment,

[t]he term 'freight forwarder' means a person holding itself out to the general public (other than as a pipeline, rail, motor, or water carrier) to provide transportation of property for compensation and in the ordinary course of its business - -

(A) assembles and consolidates, or provides for assembling and consolidating, shipments and performs or provides for break-bulk and distribution operations of the shipments;

(B) assumes responsibility for the transportation from the place of receipt to the place of destination; and

(C) uses for any part of the transportation a carrier subject to jurisdiction under this subtitle.

49 U.S.C. § 13102(8).

12

To establish that Defendant was a "freight forwarder" under the Carmack Amendment,

Defendant must show that it meets all three criteria under 49 U.S.C. § 13102(8).

*Chemsource, Inc. v. Hub Group, Inc.*, 106 F.3d 1358, 1361 (7th Cir. 1997).

As to the first criteria, "the Supreme Court has held that the term 'assembles and

consolidates' means the assembly or consolidation of less than carload quantities into

carload shipments." *Chemsource, Inc.*, *supra*, at 1361 (citing *Chicago, Milwaukee, St.*

*Paul & Pacific Railroad Co. v. Acme Fast Freight, Inc.*, 336 U.S. 465, 467 (1949)).

Specifically, "[f]reight forwarders consolidate less than carload freight into carloads for

shipment by rail, truck or water. . . .  Forwarders are utilized by [ ] shippers because of

the speed and efficiency with which they handle shipments, the unity of responsibility

obtained, and certain services which forwarders make available."  Chicago, Milwaukee,

St. Paul & Pacific Railroad Co., *supra*, at 467 & n. 2 (referencing *United States v.*

*Chicago Heights Trucking Co.*, 310 U.S. 344 (1939), "[f]or a full description of freight

forwarder practices").  The Supreme Court has further explained that freight forwarders

> utilize common carriers by rail and motor truck to transport goods owned by
> others.  They solicit and obtain many small shipments, from various points within
> an area, and cause them to be carried in less than truck-load or carload lots to a
> concentration center within the area.  There they are assembled by the forwarder
> for further transportation in truck-load or carload lots.  Although the forwarder
> gives owners of individual small shipments his own contract corresponding in
> form to through bills of lading and assumes responsibility for safe through
> carriage, the forwarder customarily arranges for the pickup, assembly and
> transportation of the shipments by carriers for hire.  And the forwarders, not the
> owners of the goods, select the carriers and route the shipments.  Upon arrival of
> a truck-load or carload of the assembled small shipments at a distribution center,
> the bulk shipment is broken up, the forwarder separates and takes possession of
> the original small shipments and arranges, where necessary, their further
> carriage to their various final destinations in the area served by the particular
> distribution point.  In this final carriage of the small shipment to its ultimate
> destination, the forwarder again utilizes carriers for hire to move these less than
> truck-load or carload lots at their concentration center, to transport the

assembled truck-load or carloads to a distribution center and to carry the broken up small shipments beyond their break-bulk distribution center.

The forwarding business has been built upon the expectation that a material part of the transportation which it causes to be provided for small shippers can by consolidation of small shipments be obtained at truck-load or carload rates. For the forwarders' business was originally made profitable because it could operate upon the margin of profit represented by the difference between railroad carload rates paid by the forwarder and the higher rates, approximating less than carload rates, which the forwarder charged the owner of a shipment.

*Chicago Heights Trucking Co.*, *supra*, at 345-46.

In the instant case, Defendant has failed to assert any facts supporting any inference that Defendant performs or provides for the assembly or consolidation of cargo in the ordinary course of business, as required to be subject to liability under the Carmack Amendment as a "freight forwarder." *See Chemsource, Inc.*, *supra*, at 1361 (affirming district court's granting summary judgment in defendant's favor on action seeking damages under the Carmack Amendment where the plaintiff, by failing to present any evidence that the defendant consolidates less than carloads of goods for shipment, failed to establish that the defendant was a "freight forwarder" subject to liability under the Amendment).  In particular, Defendant has not submitted any affidavit from any employee of Defendant, or any documents demonstrating that Defendant was engaged in the business of consolidating less than carloads of goods for shipment so as to reap a profit based on the "margin of profit represented by the difference between railroad carload rates paid by the forwarder and the higher rates, approximating less than carload rates, which the forwarder charged the owner of a shipment." *Chicago Heights Trucking Co.*, *supra*, at 345-46.  Accordingly, Defendant has failed to meet its burden, upon removal, of establishing that Plaintiff has pleaded a cause of action under

14

the Carmack Amendment based on Defendant's status as a freight forwarder subject to the Act, so as to confer subject matter jurisdiction in this court. *United Food & Commercial Workers Union, Local 919, AFL-CIO*, *supra*, at 301.  As Defendant has failed to establish subject matter jurisdiction exists, and absent any other basis for subject matter jurisdiction in this court, Plaintiff's motion for remand is GRANTED.

Plaintiff has also requested the court award costs and attorney fees incurred in connection with the motion to remand for lack of subject matter jurisdiction.  Upon remanding a case to state court, 28 U.S.C. § 1447(c) provides that the court may order the removing party to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  Pursuant to 28 U.S.C. § 1447(c), courts have "a great deal of discretion and flexibility . . . in fashioning awards of costs and fees." *Morgan Guaranty Trust Co. v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992).  Also, neither a finding of bad faith nor improvident removal is required before the court may make such an award. *Morgan Guaranty Trust Co.*, *supra*.

There is, in the instant case, a sufficient basis on which to award Plaintiff the costs of the motion to remand as the court has found all Defendant's argument in support of removal based on the presence of a federal question without merit.  Not only is the issue presented not novel, but Defendant's argument in support of removal based on federal question jurisdiction is specious at best.  This finding is underscored by the complete absence of any affidavit or documentary evidence showing Defendant ever operates as a freight forwarder.  Under established caselaw, as discussed, *supra*, defendant should have reasonably known it would be required to meet this burden to sustain removal.  As such, Plaintiffs' request for an award of costs and attorney fees

15

pursuant to 28 U.S.C. § 1447(c) is GRANTED.


## **CONCLUSION**

Based on the following, Plaintiff's motion to remand (Doc. No. 6), including the request for costs and attorney's fees, is GRANTED.  Accordingly, the remaining motions, including Defendant's motions to vacate a default judgment (Doc. No. 3), and to dismiss for improper venue or, alternatively, to change venue (Doc. No. 4), are DISMISSED as moot.  Furthermore, Plaintiff is directed to submit its affidavit of costs within thirty (30) days of receipt of this Decision and Order.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:      December 02 , 2005
            Buffalo, New York